NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 6 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIM NAY, as personal representative of the estate of Maria Gonzalez Torres, | No. 22-35722 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-05425-BHS |
| and | |
| ISAI GONZALEZ-TORRES, | MEMORANDUM[*] |
| Plaintiff, | |
| v. | |
| BNSF RAILWAY COMPANY; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted August 16, 2023
Anchorage, Alaska

Before: MURGUIA, Chief Judge, and PAEZ and NGUYEN, Circuit Judges.

In May 2017, an Amtrak passenger train crashed into Maria Gonzalez-Torres's car when she drove onto a private railroad crossing in Camas, Washington.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Gonzalez-Torres was killed, and her son, a passenger in the car, was injured. Gonzalez-Torres's estate and son ("Plaintiffs") sued Amtrak, two Amtrak employees, and BNSF Railway Company, the operator of the railroad (collectively, "Defendants"). Plaintiffs alleged that Defendants were negligent in failing to: (1) timely sound a horn before the train reached the crossing, (2) install adequate signage and warning devices, and (3) clear the foliage that obstructed motorists' sightlines. The district court granted summary judgment to Defendants, concluding that the claims were preempted by the Federal Railroad Safety Act ("FRSA"); that Defendants did not breach any duty to Plaintiffs as a matter of law; and that Gonzalez-Torres's motorist behavior was the sole proximate cause of the collision.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment. *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017). Viewing the evidence in the light most favorable to the nonmoving party, we determine "whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 447 (9th Cir. 2018) (internal quotation marks omitted). We affirm in part, reverse in part, and remand.

1.     For the FRSA to preempt a plaintiff's state-law claim, the federal law or a regulation promulgated under it must "cover" the same subject matter as the state law and "not merely touch upon or relate to that subject matter." *Norfolk S. Ry.*

2

*Co. v. Shanklin*, 529 U.S. 344, 353 (2000) (cleaned up). "Normal State negligence standards apply when there is no Federal action covering the subject matter." 49 C.F.R. § 217.2.

The FRSA does not preempt Plaintiffs' claim that Defendants acted negligently by failing to sound a horn. Federal regulations expressly allow states to require the use of a horn at a private crossing. *See* 49 C.F.R. § 222.25 (stating that where state law requires the sounding of a horn at a private crossing, the horn must be sounded in a particular manner). The FRSA also does not preempt Plaintiffs' claim that Defendants were negligent in failing to install adequate warning devices. The FRSA only preempts warning-device claims if the warning system was paid for in part with federal funding and is fully installed and working. *See* 23 C.F.R. § 646.214(b)(2)–(4). Here, it is uncontested that federal funds were not used in the installation of any warning devices at the relevant crossing.

The FRSA does preempt Plaintiffs' visual-obstruction claim to the extent it is based on allegations about vegetation on railroad property that was "on or immediately adjacent to [the] roadbed." 49 C.F.R. § 213.37. But Plaintiffs' claim is not preempted insofar as it concerns vegetation that was *not* "on or immediately adjacent to [the] roadbed." *Id.*

2.    Washington common law imposes a duty on railroads at private railroad crossings to provide warnings that are "adequate for the circumstances." *See Mulkey*

3

*v. Spokane, Portland & Seattle Ry. Co.*, 396 P.2d 158, 161–63 (Wash. 1964); *see also Goodner v. Chi., Milwaukee, St. Paul & Pac. R.R. Co.*, 377 P.2d 231, 234 (Wash. 1962) (explaining that it is for a jury to decide whether the railroad's warnings "were adequate under the circumstances").

Viewing the evidence in the light most favorable to Plaintiffs, Plaintiffs have presented evidence that could support a reasonable jury's finding that the warnings here were inadequate for the circumstances. *See Owen v. Burlington N. & Santa Fe R.R. Co.*, 108 P.3d 1220, 1223 (Wash. 2005) (observing that "issues of negligence . . . are generally not susceptible to summary judgment" (internal quotation marks omitted)). The Amtrak engineer did not sound the horn until he saw Gonzalez-Torres's car, between one and three seconds before the collision. And the crossing only had passive warnings: an unofficial stop sign on the left side of the road and an official stop sign and railroad crossbuck sign on the right side of the road. There are triable issues of fact about whether the allegedly dangerous circumstances warranted the earlier sounding of a horn or installation of additional warning devices.

Washington is a pure comparative fault state. Wash. Rev. Code § 4.22.070. Under that framework, a negligent defendant is liable for their share of fault, even if the plaintiff's fault is greater than that of the defendant's. *Washburn v. Beatt Equip. Co.*, 840 P.2d 860, 885 (Wash. 1992); *see* Wash. Rev. Code § 4.22.005. Here, Gonzalez-Torres's failure to stop at the posted stop sign was not, as a matter of law,

4

the sole proximate cause of the accident. Plaintiffs submitted sufficient evidence that would support a reasonable jury's finding that an earlier sounding of the horn and/or additional warning devices would have prevented the accident.

We therefore reverse the district court's grant of summary judgment to Defendants on Plaintiffs' failure-to-sound-the-horn and inadequate-warning-device claims, and remand for further proceedings.

3.      Plaintiffs have not shown that Defendants have a duty to clear vegetation that is not on the railroad's property. Nor have Plaintiffs shown that Defendants have a duty to work with adjoining landowners or the local road authority to remove vegetation. And as to any non-preempted allegations of vegetation *on* the railroad's property, Defendants presented evidence that a driver's sightline would not be obstructed by any such vegetation, and Plaintiffs failed to submit compelling competing evidence. Plaintiffs thus have not established a genuine dispute of material fact to defeat summary judgment on this claim.

We therefore affirm the district court's grant of summary judgment to Defendants on Plaintiffs' visual-obstruction claim.

Defendants will bear the costs of this appeal. Fed. R. App. P. 39(a)(4).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.[1]**

---

[1] Plaintiffs' pending Motion to Certify (ECF No. 10) is DENIED as moot.